| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------X

BERNARD OLUSHINA,

               Plaintiff,

   -against-                                     **MEMORANDUM AND ORDER**

ALBERTO GONZALEZ, LAWRENCE        06-CV-4030 (JG)
GERZOG, BUREAU OF PRISONS,

               Defendants.

-----------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

       *Pro Se* plaintiff Bernard Olushina brings this action alleging that defendants violated his civil rights. Plaintiff seeks monetary damages. Compl. at ¶ V. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and dismiss the complaint in part for the reasons set forth below.

## BACKGROUND

       Plaintiff was convicted in this Court pursuant to guilty pleas of one count of possession with intent to distribute 100 grams or more of heroin and one count of bail jumping. See United States v. Olushina, No. 90-CR-750 (SJ) (E.D.N.Y.). On December 21, 2000, plaintiff was sentenced to concurrent terms of 72 months for each count, and judgment was entered on January 17, 2001. See id. Plaintiff challenged his sentencing on appeal, and the United States Court of Appeals for the Second Circuit remanded the case to this Court to vacate his sentence and resentence him, ruling that this Court failed to apportion his sentence as required by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. United States v. Olushina, 63 Fed. Appx. 553, 556-57 (2d

Cir. 2003). On remand, this Court found that it had erred in failing to impose the Count Two sentence consecutively to Count One, as required by 18 U.S.C. § 3146(b)(2), and imposed a lesser 30-month sentence on Count Two, directing that it run consecutively with the 72-month sentence on Count One for a total prison term of 102 months. United States v. Olushina, No. 90-CR-750 (SJ), slip op. at 8 (E.D.N.Y. Sept. 3, 2003). Plaintiff appealed his resentencing, and on June 21, 2006, the Second Circuit remanded the case again to this Court, holding that any sentencing apportionments cannot yield a total sentence in excess of the 72-month prison term originally imposed in the case. United States v. Olushina, No. 03-1517-cr, slip op. at 7 (2d Cir. June 21, 2006). On September 15, 2006, this Court resentenced plaintiff to a 72-month term and four years of supervised release. United States v. Olushina, No. 90-CR-750 (SJ) (E.D.N.Y. Sept. 15, 2006). Plaintiff was released from the custody of the Federal Bureau of Prisons on September 21, 2006. See Federal Bureau of Prison's Inmate Locator Service at http://www.bop.gov.

Plaintiff filed the instant action on July 24, 2006, alleging that his Due Process rights were violated by defendants when they "punish[ed]" him for appealing his case and added 30 months to his sentence. Compl. ¶ IV. Plaintiff alleges that defendant Gerzog, his court-appointed counsel on his second appeal, violated his civil rights when he failed to adequately prosecute his case. Id. Plaintiff alleges that "Gerzog's inaction went a long way into keeping [him] incarcerated longer than required" and that he is currently awaiting a decision from the New York State Bar Association on a grievance he filed against Gerzog. Memorandum in Support of Case ("Mem.") at 1, attached to Compl. Plaintiff also alleges that defendants violated his rights under the Eighth Amendment and subjected him to cruel and unusual punishment.

2

Compl. ¶ IV. Plaintiff seeks $4,000 "per every day spent in prison after October 11, 2005 until the day I'm released from prison." Id. ¶ V.

## DISCUSSION

A.      Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), I have the authority to dismiss an *in forma pauperis* action where it is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). As plaintiff is proceeding *pro se*, I am obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, I must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id. Furthermore, the Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)).

B.  Personal Involvement

Plaintiff files this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971),[1] which governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law.  See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts typically incorporate § 1983 law into Bivens actions").  See, generally, Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity law between Bivens and § 1983 claims); Polanco v. U.S. DEA, 158 F.3d 647, 653 (2d Cir. 1998) (same statute of limitation applies to Bivens and § 1983 claims).

In order to maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id. "Section 1983 itself creates no substantive rights, [but] … only a procedure for redress for the deprivation of rights established elsewhere."  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

Plaintiff names Attorney General Alberto Gonzalez as a defendant.  It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted).  A defendant's direct personal

---

[1] Plaintiff's complaint is set forth on a form for federal prisoners filing a Bivens action.

involvement may be established by demonstrating that the defendant directly participated in an event, learned of the egregious wrong and failed to correct it, created or allowed a policy to exist that harmed the plaintiff, or was grossly negligent in managing subordinates who caused the unlawful condition to exist. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). In this case, plaintiff fails to allege that this defendant was involved in his injuries in any way. As such, plaintiff's claim against this defendant is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   Plaintiff's Lawyer

Plaintiff's claim against defendant Gerzog is dismissed for lack of state action. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted).

It is well-established that a court-appointed attorney performing a lawyer's traditional function as counsel to a defendant does not act under color of state law, and therefore Gerzog is not subject to suit under 42 U.S.C. § 1983. Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Tucker v. Kenney, 994 F. Supp. 412, 417 (E.D.N.Y. 1998). Thus, plaintiff's claim against Gerzog is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.  Unlawful Incarceration

Plaintiff's remaining claim is against the Bureau of Prisons for violations of the Eighth Amendment's prohibition against cruel and unusual punishment.  Plaintiff alleges that he should have been released on October 11, 2005 and seeks $4,000 for every day he has spent in prison beyond that date.  Compl. ¶ V.

Detention beyond the termination of a sentence can constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest.  See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993).  On September 15, 2006, plaintiff was resentenced to a 72-month sentence and was later released from the Bureau of Prison's custody on September 21, 2006.  It is unclear from the pleadings whether plaintiff was actually incarcerated beyond his term.  See Sample v. Diecks, 885 F.2d 1099, 1108-10 (3d Cir. 1989) (finding Eighth Amendment violation where inmate served an additional nine months and eight days due to officials' miscalculation).  Furthermore, even if it were clear from the pleadings that plaintiff had been incarcerated beyond the termination of his sentence, he does not establish that the Bureau of Prisons acted with deliberate indifference.  See Wright v. Kane, No. 94 Civ. 3836 (JFK), 1997 WL 746457, at *5 (S.D.N.Y. Dec. 2, 1997) (deliberate indifference not present in improper incarceration case where Department of Corrections immediately released plaintiff after his status was changed).

## CONCLUSION

Accordingly, I dismiss plaintiff's claims against Alberto Gonzalez and Lawrence Gerzog for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

No summons shall issue as to these defendants. In addition, I grant plaintiff leave to file an amended complaint to correct (if he can) the deficiencies in his unlawful incarceration claim against the Bureau of Prisons as outlined above. See Cruz, 202 F.3d at 597-98. I hereby direct plaintiff to file an amended complaint within thirty (30) days of the date of this Order to replead his claim that his civil rights were violated by the Bureau of Prisons. In his amended complaint, plaintiff must establish that he was held beyond his term of incarceration and that the Bureau of Prisons was deliberately indifferent to his allegedly unlawful incarceration. Furthermore, plaintiff's amended complaint must identify the individual defendant(s) who personally acted or failed to act, giving rise to his claim that his Eighth Amendment rights were violated. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed.

I hereby certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

JOHN GLEESON, U.S.D.J.

Dated: October 11, 2006
      Brooklyn, New York